# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1021V
Filed: December 2, 2025

|  |  |
|---|---|
| KEVIN MCKENNA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner |

*Michael Thomas Ratton, Ratton Law Group, PC, Detroit, MI,* for petitioner.
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC,* for respondent.

### **DECISION AWARDING DAMAGES**[1]

On July 28, 2017, Kevin McKenna filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") and amputation of his left arm as a result of a tetanus, diphtheria, and pertussis ("Tdap") vaccine received on September 16, 2015. (ECF No. 1.)

On October 1, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for achiness, cellulitis in his left upper extremity, necrotizing fasciitis, and left arm and shoulder amputation. (ECF No. 46.) On November 26, 2025, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded all items of compensation set forth in respondent's life care plan and illustrated by the chart attached as Appendix A. (ECF No. 152.) In the Proffer, respondent represented that petitioner agrees with the proffered award. (*Id.*) Based on

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner:**

1) **A lump sum payment of $1,601,158.58, representing compensation for life care expenses expected to be incurred during the first year after judgment ($16,804.86), lost earnings ($1,278,545.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($55,808.72), in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Kevin McKenna; and**

2) **An amount sufficient to purchase the annuity contract described in section II.B. of the Proffer.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KEVIN MCKENNA, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17-1021V |
| v. ) | Special Master Horner |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On July 28, 2017, Kevin McKenna ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that he suffered a "shoulder injury related to vaccine administration resulting in the amputation of his left arm" that was caused by a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine administered on September 15, 2015.  Petition at 1.  On October 1, 2018, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner met the statutory requirements for compensation.  ECF No. 45.  On that same day, the Court issued a decision finding that petitioner entitled to compensation for his injuries following his September 15, 2015 Tdap vaccine.  ECF No. 46.

**I. Items of Compensation**

  A. Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Lynne Trautwein, MSN, RN, CCM, CMAC, CNLCP, Consulting, LLC, to provide an estimation of petitioner's future vaccine-injury related needs.  For the purposes of this

proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. ECF No. 45 at 6. All items of compensation identified in respondent's life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Kevin McKenna, attached hereto as **Tab A**. Respondent proffers that petitioner should be awarded all items of compensation set forth in respondent's life care plan and illustrated by the chart attached at **Tab A**.[1] Petitioner agrees.

B. <u>Lost Earnings</u>

Petitioner has suffered past loss of earnings and will suffer future loss of earnings as a result of his vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Kevin McKenna's past and future lost earnings is **$1,278,545.00**. Petitioner agrees.

C. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$250,000.00** in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses for his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$55,808.72**. Petitioner agrees.

---

[1] The chart at **Tab A** illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of **$1,601,158.58**, representing compensation for life care expenses expected to be incurred during the first year after judgment **($16,804.86)**, lost earnings **($1,278,545.00)**, pain and suffering **($250,000.00)**, and past unreimbursable expenses **($55,808.72)**, in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Kevin McKenna.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

as illustrated by the chart at **Tab A**, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Kevin McKenna, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at **Tab A** describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at **Tab A** that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of

---

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

    2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Kevin McKenna, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Kevin McKenna's death.

    3. Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

## III. Summary of Recommended Payments Following Judgment

A. Lump Sum paid to petitioner, Kevin McKenna: **$1,601,158.58.**

B. An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

5

/s/ *Debra A. Filteau Begley*
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4181
Email: debra.begley@usdoj.gov

Dated: <u>November 26, 2025</u>

**Appendix A:  Items of Compensation for Kevin McKenna**                                       Page 1 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-25 | Compensation Year 26 | Compensation Years 27-30 | Compensation Years 31-32 |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | 2025 | 2026 | 2027 | 2028-2049 | 2050 | 2051-2054 | 2055-2056 |
| Medicare Part B Premium | 5% |  | M | 2,220.00 | 2,220.00 | 2,220.00 | 2,220.00 |  |  |  |
| Medicare Part B Deductible | 5% |  |  | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 |
| Medigap | 5% |  | M | 3,688.44 | 3,688.44 | 3,688.44 | 3,688.44 | 3,688.44 | 3,688.44 | 3,688.44 |
| Medicare Part D | 5% |  | M | 1,666.80 | 1,666.80 | 1,666.80 | 1,666.80 | 1,666.80 | 1,666.80 | 1,666.80 |
| Primary Care Physician | 5% | * |  |  |  |  |  |  |  |  |
| Physiatry | 5% | * |  |  |  |  |  |  |  |  |
| Prosthetist | 5% | * |  |  |  |  |  |  |  |  |
| Psychiatry | 5% | * |  |  |  |  |  |  |  |  |
| Psychologist | 5% | * |  |  |  |  |  |  |  |  |
| Plastic Surgeon | 5% | * |  |  |  |  |  |  |  |  |
| Orthopedic Surgeon | 5% | * |  |  |  |  |  |  |  |  |
| Functional Restoration Program | 5% | * |  |  |  |  |  |  |  |  |
| Diagnostic Studies | 5% | * |  |  |  |  |  |  |  |  |
| Chiropractor | 4% | * |  |  |  |  |  |  |  |  |
| Mileage: Primary Care Physician | 4% |  |  | 21.70 | 21.70 | 21.70 | 21.70 | 21.70 | 21.70 | 21.70 |
| Mileage: Physiatry | 4% |  |  | 56.00 | 56.00 | 56.00 | 56.00 | 56.00 | 56.00 | 56.00 |
| Mileage: Prosthetist | 4% |  |  | 147.00 | 147.00 | 147.00 | 147.00 | 147.00 | 147.00 | 147.00 |
| Mileage: Psychiatry | 4% |  |  | 56.00 | 28.00 | 28.00 | 28.00 | 28.00 | 28.00 | 28.00 |
| Mileage: Psychologist | 4% |  |  | 67.20 | 22.40 | 22.40 | 22.40 | 22.40 | 22.40 | 22.40 |
| Mileage: Chiropractor | 4% |  |  | 134.40 | 134.40 | 134.40 | 134.40 | 134.40 | 134.40 | 134.40 |
| Cymbalta | 5% | * |  |  |  |  |  |  |  |  |
| Gabapentin | 5% | * |  |  |  |  |  |  |  |  |
| Celebrex | 5% | * |  |  |  |  |  |  |  |  |
| Cyclobenzaprine | 5% | * |  |  |  |  |  |  |  |  |
| Magnesium | 4% |  |  | 70.08 | 70.08 | 70.08 | 70.08 | 70.08 | 70.08 | 70.08 |
| Xanax | 5% | * |  |  |  |  |  |  |  |  |
| Cerave Moisturizing Lotion | 4% |  |  | 144.00 | 144.00 | 144.00 | 144.00 | 144.00 | 144.00 | 144.00 |
| Biofreeze | 4% |  |  | 198.24 | 198.24 | 198.24 | 198.24 | 198.24 | 198.24 | 198.24 |
| Physical Therapy Evaluation | 4% | * |  |  |  |  |  |  |  |  |
| Physical Therapy | 4% | * |  |  |  |  |  |  |  |  |
| Occupational Therapy Evaluation | 4% | * |  |  |  |  |  |  |  |  |

Appendix A:  Items of Compensation for Kevin McKenna    Page 2 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-25 | Compensation Year 26 | Compensation Years 27-30 | Compensation Years 31-32 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2025 | 2026 | 2027 | 2028-2049 | 2050 | 2051-2054 | 2055-2056 |
| Occupational Therapy | 4% | * | | | | | | | | |
| Shoulder Cap | 4% | * | | | | | | | | |
| Shower Chair | 4% | | | 60.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 |
| Activities of Daily Living (ADLs) | 4% | | | 500.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Hand Held Shower | 4% | | | 35.00 | 7.00 | 7.00 | 7.00 | 7.00 | 7.00 | 7.00 |
| Portable Grab Bars | 4% | | | 23.00 | 2.30 | 2.30 | 2.30 | 2.30 | 2.30 | 2.30 |
| Automatic Soap Dispenser | 4% | | | 106.00 | | | | | | |
| One Shoulder Back Pack | 4% | | | 60.00 | 12.00 | 12.00 | 12.00 | 12.00 | | |
| Gym/Work Out Equipment | 4% | | | 500.00 | 200.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 |
| Clothing Allowance | 4% | | | 400.00 | 200.00 | 66.67 | 66.67 | 66.67 | 66.67 | 66.67 |
| Batteries | 4% | | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Home Health Aide | 4% | | M | | | | | 15,704.00 | 15,704.00 | 18,844.80 |
| Laundry Services | 4% | | M | 1,664.00 | 1,664.00 | 1,664.00 | 1,664.00 | 1,664.00 | 1,664.00 | 1,664.00 |
| Lawn Care | 4% | | | 1,550.00 | 1,550.00 | 1,550.00 | 1,550.00 | 1,550.00 | 1,550.00 | 1,550.00 |
| House Cleaning | 4% | | | 2,280.00 | 2,280.00 | 2,280.00 | 2,280.00 | 2,280.00 | 2,280.00 | 2,280.00 |
| Snow Removal | 4% | | | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Home Modifications | 4% | | | | | 4,213.57 | 421.36 | 421.36 | 421.36 | 421.36 |
| Vehicle Modifications | 4% | | | 500.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Lost Earnings | | | | 1,278,545.00 | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | |
| Past Unreimbursable Expenses | | | | 55,808.72 | | | | | | |
| Annual Totals | | | | 1,601,158.58 | 15,231.36 | 19,151.60 | 15,359.39 | 28,843.39 | 28,831.39 | 31,972.19 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1
life care expenses ($16,804.86), lost earnings ($1,278,545.00) pain and suffering ($250,000.00), and past
unreimbursable expenses ($55,808.72): $1,601,158.58.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 33-35 2057-2059 | Compensation Years 36-Life 2060-Life |
|---|---|---|---|---|---|
| Medicare Part B Premium | 5% |  | M |  |  |
| Medicare Part B Deductible | 5% |  |  | 257.00 | 257.00 |
| Medigap | 5% |  | M | 3,688.44 | 3,688.44 |
| Medicare Part D | 5% |  | M | 1,666.80 | 1,666.80 |
| Primary Care Physician | 5% | * |  |  |  |
| Physiatry | 5% | * |  |  |  |
| Prosthetist | 5% | * |  |  |  |
| Psychiatry | 5% | * |  |  |  |
| Psychologist | 5% | * |  |  |  |
| Plastic Surgeon | 5% | * |  |  |  |
| Orthopedic Surgeon | 5% | * |  |  |  |
| Functional Restoration Program | 5% | * |  |  |  |
| Diagnostic Studies | 5% | * |  |  |  |
| Chiropractor | 4% | * |  |  |  |
| Mileage:  Primary Care Physician | 4% |  |  | 21.70 | 21.70 |
| Mileage:  Physiatry | 4% |  |  | 56.00 | 56.00 |
| Mileage:  Prosthetist | 4% |  |  | 147.00 | 147.00 |
| Mileage:  Psychiatry | 4% |  |  | 28.00 | 28.00 |
| Mileage:  Psychologist | 4% |  |  | 22.40 | 22.40 |
| Mileage:  Chiropractor | 4% |  |  | 134.40 | 134.40 |
| Cymbalta | 5% | * |  |  |  |
| Gabapentin | 5% | * |  |  |  |
| Celebrex | 5% | * |  |  |  |
| Cyclobenzaprine | 5% | * |  |  |  |
| Magnesium | 4% |  |  | 70.08 | 70.08 |
| Xanax | 5% | * |  |  |  |
| Cerave Moisturizing Lotion | 4% |  |  | 144.00 | 144.00 |
| Biofreeze | 4% |  |  | 198.24 | 198.24 |
| Physical Therapy Evaluation | 4% | * |  |  |  |
| Physical Therapy | 4% | * |  |  |  |
| Occupational Therapy Evaluation | 4% | * |  |  |  |

Appendix A: **Items of Compensation for Kevin McKenna**  Page 4 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 33-35 2057-2059 | Compensation Years 36-Life 2060-Life |
|---|---|---|---|---|---|
| Occupational Therapy | 4% | * | | | |
| Shoulder Cap | 4% | * | | | |
| Shower Chair | 4% | | | 12.00 | 12.00 |
| Activities of Daily Living (ADLs) | 4% | | | 200.00 | 200.00 |
| Hand Held Shower | 4% | | | 7.00 | 7.00 |
| Portable Grab Bars | 4% | | | 2.30 | 2.30 |
| Automatic Soap Dispenser | 4% | | | | |
| One Shoulder Back Pack | 4% | | | | |
| Gym/Work Out Equipment | 4% | | | | |
| Clothing Allowance | 4% | | | 66.67 | 66.67 |
| Batteries | 4% | | | 100.00 | 100.00 |
| Home Health Aide | 4% | | M | 18,844.80 | 23,556.00 |
| Laundry Services | 4% | | M | 1,664.00 | 1,664.00 |
| Lawn Care | 4% | | | 1,550.00 | 1,550.00 |
| House Cleaning | 4% | | | 2,280.00 | 2,280.00 |
| Snow Removal | 4% | | | 300.00 | 300.00 |
| Home Modifications | 4% | | | 421.36 | 421.36 |
| Vehicle Modifications | 4% | | | 50.00 | 50.00 |
| Lost Earnings | | | | | |
| Pain and Suffering | | | | | |
| Past Unreimbursable Expenses | | | | | |
| Annual Totals | | | | 31,932.19 | 36,643.39 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1
life care expenses ($16,804.86), lost earnings ($1,278,545.00) pain and suffering ($250,000.00), and past
unreimbursable expenses ($55,808.72): $1,601,158.58.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.